B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 10-90459 |
|---|---|
| **PLAINTIFFS** <br> PERLITA DEPERIO | **DEFENDANTS** <br> See Attachment to Cover Sheet |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> PERLITA DEPERIO <br> 1450 Nettle Creek Way, Chula Vista, CA 91915 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Determine Validity of Defendant's Lien (if any); Injunctive Relief; Lack of Standing

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought <br> Injunctive Relief | |

```
Case #: 10-90459-LA7
Debtor: DEPERIO
Judge..: LOUISE ADLER
Chapter: AD
-----------------------------------
Filed : September 21, 2010  14:14:48
Deputy : RUSS PALUSO
Receipt: 211504
Amount : $0.00
-----------------------------------
```

American LegalNet, Inc. <br> www.FormsWorkflow.com

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>PERLITA DEPERIO || BANKRUPTCY CASE NO.<br>10-15798-LA13 ||
| DISTRICT IN WHICH CASE IS PENDING<br>SOUTHERN || DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature: Perlita E. Deperio]* ||||
| DATE<br>Sept. 21, 2010 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Perlita E. Deperio |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

American LegalNet, Inc.<br>www.FormsWorkflow.com

| | |
|---|---|
| 1 | PERLITA DEPERIO, In Pro Per |
| 2 | 1450 NETTLE CREEK WAY |
|   | CHULA VISTA, CA 91915 |
|   | Tel: (619) 482-5020 |
| 3 | Fax: (888) 755-1416 |

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: PERLITA DEPERIO | **BANKRUPTCY CASE NO. 10-15798-LA13** |
| PERLITA DEPERIO. | **Chapter 13** |
| Plaintiff | **ADVERSARIAL CASE NO:** 10-90459 |
| v. | |
| DOWNEY SAVINGS AND LOANS ASSOCIATION, F.A., CENTRAL MORTGAGE COMPANY, TRUSTEE CORPS | **ATTACHMENT TO COVER SHEET** |
| Defendants. | |

*Defendants*:

DOWNEY SAVINGS AND LOANS ASSOCIATION, F.A., a Business Entity, form unknown; CENTRAL MORTGAGE COMPANY, a Business Entity, form unknown; TRUSTEE CORPS, a Business Entity, form unknown; and DOES 1-20 inclusive,

Defendants.

1

Case # : 10-90459-LAAD
Debtor.: DEPERIO
Judge..: LOUISE ADLER
Chapter: AD
-----------------------------------
Filed   : September 21, 2010  14:14:48
Deputy  : RUSS PALUSO
Receipt : 211504
Amount  : $0.00
-----------------------------------

PERLITA DEPERIO, In Pro Per
1450 NETTLE CREEK WAY
CHULA VISTA, CA 91915
Tel: (619) 482-5020
Fax: (888) 755-1416

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PERLITA DEPERIO | **BANKRUPTCY CASE NO. 10-15798-LA13** |
| PERLITA DEPERIO. | Chapter 13 |
| Plaintiff | ADVERSARIAL CASE NO: 10-90459 |
| v. | |
| DOWNEY SAVINGS AND LOANS ASSOCIATION, F.A., CENTRAL MORTGAGE COMPANY, TRUSTEE CORPS | **ADVERSARIAL COMPLAINT** |
| Defendants. | |

**JURISDICTION**

1. This Court has exclusive jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §157(b)(1).

2. Pursuant to Fed. Rule of Bank. Proc. §70008(a), Plaintiff states that this is a "core proceeding" within the meaning of 28 U.S.C. §157(b).

**PARTIES**

1

3. Plaintiff is the debtor herein and filed [HIS / HER] Petition for Bankruptcy on or about 9/2/2010.

4. The Defendant, DOWNEY SAVINGS AND LOANS ASSOCIATION, F.A. is a business, form unknown, which alleges to have legally closed this current mortgage on the property located at 1450 NETTLE CREEK WAY, CHULA VISTA, CA 91915 (hereinafter referred to as Subject Property) leading to a non-judicial/judicial Trustee Sale against Plaintiff's Subject Property.

5. The Defendant, CENTRAL MORTGAGE COMPANY is a business, form unknown, which alleges to now have legal standing to service the mortgage to bring a non-judicial/judicial Trustee Sale against Subject Property.

6. The Defendant, TRUSTEE CORPS is a business, form unknown, which alleges to now have legal standing to service the mortgage to bring a non-judicial/judicial Trustee Sale against Subject Property.

**FACTS**

7. Plaintiff at all times relevant owns and resides at the property located at 1450 NETTLE CREEK WAY, CHULA VISTA, CA 91915 (hereinafter referred to as "the property" or "subject property").

8. Defendants asserts that they are the owner of the note or security interest which is secured by the subject property, however Plaintiff is informed and believes that Defendants is/are not the owner of the security interest and therefore has no standing to record the Notice of Default and Notice of Trustee Sale which has been recorded on the subject property's title with the County Recorder's Office.

9. Plaintiff is informed and believes that the promissory note which secures the property has been sold, transferred or otherwise disposed of and is not held by Defendant despite Defendant's claim that they have an ownership interest in the subject property.

10. Plaintiff alleges that Defendant has violated F.R.Civ. Pro. 17 in that Defendant is not the real party interest to initiate collection efforts against Plaintiff and / or bring forward a Trustee Sale against the subject property.
11. The Promissory Note is evidence of the primary mortgage obligation and specifies who the payee of the Note is. Only an entity which is the original "payee" or which the "payee" has legally transferred its rights under the Note to, may legally foreclose on a property or record notices of title.
12. Plaintiff is informed and believes that Defendant is neither the original "payee" or that the interest under the Promissory Note has been properly and legally transferred to Defendant
13. The "payee" of Plaintiff's Promissory Note is 1450 NETTLE CREEK WAY, CHULA VISTA, CA 91915. It is Plaintiffs position that the security interest held by 1450 NETTLE CREEK WAY, CHULA VISTA, CA 91915, was never properly transferred to Defendant herein.

### Count I
### Determine Validity of Defendant's Lien (if any)

14. Plaintiff hereby re-alleged and incorporates by reference all the preceding paragraphs as though fully set forth herein.
15. Plaintiff is informed and believes that Defendant cannot produce the Original Promissory Note or show evidence of effective and valid transfers of the Promissory Note.
16. Plaintiff is informed and believes that Defendant does not have a valid and enforceable lien on the subject property.

### Count II
### Injunctive Relief

17. Plaintiff hereby re-alleged and incorporates by reference all the preceding paragraphs as though fully set forth herein.

18. Defendant has recorded a Notice of Trustee Sale, and unless restrained will sell the subject property on or about 10/7/2010.
19. Said sale will cause Plaintiff irreparable injury in that real property is unique.
20. Plaintiff has no other plain, speedy or adequate remedy and the injunctive relief prayed for is necessary and appropriate at this time to prevent irreparable loss to Plaintiff.
21. Plaintiff has suffered and will continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoined because real property is inherently unique and it is and will be impossible for Plaintiff to determine the precise amount of damage Plaintiff will suffer.

///

///

## Count III

### Lack of Standing

22. Plaintiff hereby re-alleged and incorporates by reference all the preceding paragraphs as though fully set forth herein.
23. Defendant lacks standing to foreclose on Plaintiff's property due to a lack of a valid transfer of the Promissory Note or the security interest held within.
24. Defendant improperly and illegally recorded a Notice of Default and Notice of Trustee Sale on the subject property and Plaintiff anticipates Defendant will also file a Motion for Relief from Stay in the action herein and as such requests a declaration that Defendant lacks standing to initiate foreclosure proceedings.

### Prayer for Relief

WHEREFORE PLAINTIFF prays pursuant to F.R.Civ. Pro. 65 as incorporated by Fed. Rule of Bank. Proc. 7065, for a temporary restraining order, restraining the Defendant, its

1 | agents, attorneys, employees and successors from foreclosing on the subject property, and
2 | further Plaintiff prays for a preliminary and permanent injunction barring the same.
3 |     Additionally, Plaintiff prays for a declaration that Defendant lacks standing and a
4 | determination that Defendant's lien is invalid and unenforceable.

Respectfully submitted:

Dated: Sept. 21, 2010

By: _____

PERLITA DEPERIO, In Pro Per